UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

E. WAYNE MOSLEY,

Plaintiff,

v.   6:12-cv-90

MEADOWS REGIONAL MEDICAL CENTER; ALAN KENT; and HOWARD HOLMAN,

Defendants.

## ORDER

Before the Court is Defendants' second motion to dismiss for insufficient service of process. ECF No. 19; FED. R. CIV. P. 12(b)(5). Defendants Kent and Holman aver that even after two extensions of time to perfect service, Mosley still has not properly served them. *Id.* at 1. Mosley inexplicably declined to respond to this motion. Because the evidence Kent and Holman present, in the absence of any evidence to the contrary, establishes insufficient service, the Court *GRANTS* the present motion.

### I.   BACKGROUND

On November 5, 2012, Defendants filed their first motion to dismiss for insufficient service. ECF No. 4. Mosley requested an extension of time to serve Defendants, which the Court granted, giving him until January 28, 2013 to perfect service. ECF Nos. 5; 7.

Then, on January 30, 2013,[1] a process server hired by Mosley served Meadows Regional Medical Center ("Meadows") by handing a copy of the complaint and a summons directed to Meadows to Holman. ECF No. 19-2 at 1. That same day, the process server left copies of the complaint and summonses for Kent and Holman with Kent's secretary, whom neither man had authorized to accept service of process. *See* ECF No. 19-3 at 1.

Mosley's process server also left process for Kent with defense counsel, whom Kent has never authorized to accept service. ECF Nos. 19-1 at 2; 14. At no point has Mosley ever requested that Kent, Holman, or Meadows waive service. *See* ECF No. 19-1 at 2.

### II.   DISCUSSION

Federal Rule of Civil Procedure 4(c) requires a summons be served with a copy of the complaint—together known as "process"—on each defendant. That summons, moreover, must "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(B).

A defendant may properly be served by (1) following state law for service of process in the state where the district court is located; (2) delivering process to the defendant personally; (3) leaving a copy of process at the defendant's "dwelling or usual place of abode"; or (4) delivering a copy to a defendant's agent authorized to accept service. *Id.* at (e). Plaintiffs may also request that defendants waive service. *See id.* at (d).

Service of process "not in substantial compliance with the[se] requirements . . . is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." *Abele v. City of Brooksville*, 273 F. App'x 809, 811

---

[1] Mosley requested, and the Court granted, a second extension of time to perfect service. *See* ECF Nos. 12; 13 (giving Mosley until February 12, 2013 to perfect service).

(11th Cir. 2008) (citing *Prewitt Enter., Inc. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003).

Mosley has failed to properly serve both Kent and Holman. The service given to Holman was for Meadows, not Holman personally, and so not "directed to the defendant" being served. FED. R. CIV. P. 4(a)(1)(B). Neither Kent nor Holman received service personally, at their home, or in compliance with Georgia law. *See* O.C.G.A. § 9-11-4. Kent's secretary has never been authorized to accept service for either Kent or Holman, nor has defense counsel. And at no point has Mosley requested any Defendant waive service.

### III. CONCLUSION

At this point—after two extensions to allow Mosley time to perfect service—only Meadows has been properly served. Mosley has run out of chances even though as a pro se litigant the Court has treated him more leniently than it would a represented party. He must suffer the consequences of his folly. Defendants' motion to dismiss therefore is **GRANTED**. Claims against Kent and Holman are **DISMISSED WITHOUT PREJUDICE**. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1340-41 (11th Cir. 2005) (noting that a failure to perfect service deprives a court of personal jurisdiction over a defendant and thus the ability to enter an adjudication on the merits).

This __17__ day of April 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA